UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TASHAMI J. SIMS AKA JAMES KING, <br> Plaintiff, <br><br> vs. <br><br> JOHN KELLY, et al. <br> Defendants. | Case No. CV 10-5294 AG (MLG) <br><br> [~~PROPOSED~~] PROTECTIVE ORDER RE PRODUCTION OF CONFIDENTIAL PEACE OFFICER PERSONNEL INFORMATION <br><br> Honorable Marc L. Goldman |

**IT IS HEREBY ORDERED, ADJUDGED and DECREED** that:

The COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT is producing, pursuant to Plaintiff's Motion for a Court Order Compelling the disclosure of peace officer personnel records, which are deemed confidential, under California state law. See Cal. Pen Code §§ 832.7. The documents are further produced pursuant to the privacy considerations recognized by the federal court subject to a protective order. See Kelly v. City of San Jose, 114

-1-

F.R.D. 653, 656 (N.D. Cal. 1987; and, Miller v. Pancucci, 141 F.R.D. 292, 300 (C.D. Cal. 1992).

1.  All documents and/or information, including Compliance Pleadings and information derived from Defendants' Personnel File, (collectively, "CONFIDENTIAL INFORMATION") produced by County of Los Angeles Sheriff's Department are the subject of this Protective Order.

2.  All documents produced by the COUNTY shall be marked "CONFIDENTIAL." If the first page of any multi-page document bears this legend, then the entire document is deemed confidential, unless otherwise indicated by the producing party. The stamping of the legend "CONFIDENTIAL" is for identification purposes only, and in the event that a document produced by the COUNTY pursuant the STIPULATION is inadvertently not stamped with the legend "CONFIDENTIAL," such document is still subject to the provisions of this Protective Order.

3.  All documents produced by the COUNTY subsequent to the entry of this Protective Order shall be subject to this Protective Order, and shall be deemed CONFIDENTIAL INFORMATION.

4.  All CONFIDENTIAL INFORMATION provided in accordance with this Order may be used for all proceedings in this matter only, including law and motion, trial and/or appeal. However, in the event that CONFIDENTIAL INFORMATION is used in any such proceedings, the party submitting the CONFIDENTIAL INFORMATION must seek an order sealing that portion of the record.

5. If any information and/or documents which are the subject of this Protective Order are presented to this or any other court in any other manner prior to the time of trial, said information and/or documents shall be lodged under seal, pursuant to Local Rule 79-5.1, and with an appropriate application made to United States Magistrate Judge Marc L. Goldman, for lodging under seal, in an envelope clearly marked as follows:

"**CONFIDENTIAL AND MATERIAL SUBJECT TO A PROTECTIVE ORDER. CASE NO.: CV 10-5294 AG (MLG).**"

6. Testimony taken at any deposition, conference, hearing, or trial may be designated as confidential by making a statement to that effect on the record at the deposition or proceeding. Arrangements shall be made by the COUNTY with the Court Reporter transcribing such proceedings to separately bind such portions of the transcript containing information designated as confidential, and to label such portions accordingly. In the event that the Court rules that the CONFIDENTIAL INFORMATION is admissible, then the Court and/or jury may review said CONFIDENTIAL INFORMATION in open court in order to determine issues before the Court.

7. All CONFIDENTIAL INFORMATION produced in accordance with this order shall not be used in any deposition, legal proceeding, or in any other forum than the instant case, nor shall the CONFIDENTIAL INFORMATION be disseminated in any form, except by court order, or

until such time as the "CONFIDENTIAL" designation is removed by agreement of counsel for the parties or by further order of this Court.

8. CONFIDENTIAL INFORMATION shall be viewed only by: (1) the Court and its staff; (2) counsel of record for the receiving party, (3) independent experts retained by parties (and approved by the other parties), and (4) any associates, assistants, and secretarial personnel of such experts and other persons designated by agreement of counsel for the parties, and so long as said experts have agreed in writing in advance of any disclosure of CONFIDENTIAL INFORMATION to be bound by this Protective Order. In the event that an individual does not consent to be bound by this Protective Order, no disclosure of CONFIDENTIAL INFORMATION will be made to such individual. The Court and its staff may review all matters, which pertain to the discussion of the CONFIDENTIAL INFORMATION, including law and motion matters, consistent with this confidentiality agreement in respect to the CONFIDENTIAL INFORMATION. In the event that the Court rules that the CONFIDENTIAL INFORMATION is admissible, then the Court and its staff, and/or jury may review said information in open court in order to determine issues before the Court.

9. CONFIDENTIAL INFORMATION produced in accordance with this order shall not be disclosed, disseminated, or in any manner provided to the media or any member of the

public, unless the Court has ruled that the information may be divulged to the media and the public.

10. In the event that any CONFIDENTIAL INFORMATION is used or referred to during the course of any court proceeding in this action, such information shall not lose its confidential status through such use.

11. Plaintiff and those individuals authorized to review the information in connection with this civil matter are expressly prohibited from duplicating, copying or otherwise distributing, disseminating, or orally disclosing any of the disclosed CONFIDENTIAL INFORMATION to any person or entity for any purpose.

12. Counsel for each party shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of CONFIDENTIAL INFORMATION.

13. In the event that the terms of this Protective Order are violated, the parties agree that the aggrieved party may immediately apply to this Court to obtain injunctive relief and monetary sanctions against any person violating or threatening to violate any of the terms of this Protective Order. This Court shall retain jurisdiction over the parties for the purpose of enforcing this Protective Order, and the Court shall have the power to modify this Protective Order at any time and to impose whatever penalties it deems appropriate for the violation of this Protective Order, including but not limited to monetary sanctions, judicial sanctions, issue preclusion, and contempt. Any such request for

injunctive relief and/or monetary sanctions must be made by a properly noticed motion and pursuant to statute.

14. This Protective Order, and the obligations of all persons thereunder, including those relating to the disclosure and use of CONFIDENTIAL INFORMATION, shall survive the final termination of this case, whether such termination is by settlement, judgment, dismissal, appeal or otherwise, until further order of the court.

15. Upon termination of the instant case, Plaintiff shall return any and all CONFIDENTIAL INFORMATION or information designated as confidential, including deposition transcripts, trial testimony, and/or testimony taken at any court proceeding, to the COUNTY'S attorney of record for this matter, within twenty (20) days following termination of this matter.

16. Production of all CONFIDENTIAL INFORMATION ordered disclosed by this Court shall take place on or before JUNE 6, 2012.

IT IS SO ORDERED.

DATED: May 17, 2012      BY: _____

UNITED STATES MAGISTRATE JUDGE
**MARC L. GOLDMAN**